# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | | |
|---|---|---|
| BARRY JOHNSON, #B-33367, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No.:  17-1380-SEM-TSH |
| | ) | |
| ANDREW TILDEN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES

NOW COME Defendants, MARY ELLEN GRENNAN and MICHAEL MELVIN, by and through their attorney, Lisa Madigan, Attorney General of the State of Illinois, and hereby file their Answer and Affirmative Defenses to Plaintiff's Amended Complaint [Doc. 15][1], stating as follows:

## JURISDICTION

Jurisdiction is based on 28 U.S.C. § 1331, a civil action arising under the United States Constitution or other federal law.

**RESPONSE: Defendants admit the allegations contained in this paragraph except as to any claims barred by sovereign immunity.**

## PARTIES

A. Plaintiff:  Berry Johnson
B33367
Pontiac Correctional Center – Max Unit P.O. Box 99, Pontiac, Illinois 61764

---

[1] Per the Court's Merit Review Opinion (Doc. 7), Defendants answer Plaintiff's Amended Complaint. Defendants note that Plaintiff's "Amended Complaint Consolidation" (Doc. 15) consists of a complaint at pages 3-11 (with exhibits at pages 12-22), a complaint at pages 23-30 (with exhibits at pages 31-69), and a complaint at pages 70-83 (with exhibits at pages 84-108). Defendants respond to the statement of claim in each of the three complaints. However, due to the manner in which the complaints and exhibits are intermixed, if Defendants inadvertently failed to respond to any allegation in Plaintiff's "Amended Complaint Consolidation," Defendants herein deny those allegations.

**RESPONSE:** Defendants admit the allegations contained in this paragraph, but state that records indicate that Plaintiff's first name is spelled Barry.

B. Defendants

Defendant #1: Andrew Tilden, M.D.
Medical Director, Employed by Wexford on site
700 W. Lincoln St., Pontiac, Illinois 61764

**RESPONSE: The undersigned does not represent Dr. Andrew Tilden. Defendants admit the allegations contained in this paragraph.**

Defendant #2: Mary Grennen – Health Care Administrator
Health Care Unit Administrator
Exact address unknown to me.

**RESPONSE: Defendants admit that Mary Grennan is employed as a Health Care Unit Administrator ("HCUA"). Defendants state that Defendant Grennan was previously the HCUA at Pontiac Correctional Center, and state that she is now the HCUA at Stateville Correctional Center.**

Defendant #3: Wexford Health Sources, Inc.
Vendor for Ill. Dept. of Corrections
700 W. Lincoln St., Pontiac, Illinois / 205 Greentbee Commons, 381 Mansfield Ave., Pittsburgh, PA 18220

**RESPONSE: The undersigned does not represent Wexford Health Sources, Inc. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

Defendant #4: Michael Melvin
Chief Administrative Officer (Warden)
700 W. Lincoln St., P.O. Bx 99, Pontiac, Illinois 61764

**RESPONSE: Defendants admit the allegations contained in this paragraph.**

# LITIGATION HISTORY

A. Have you brought any other lawsuits in state or federal court dealing with the same facts involved in this case?    Yes ☐    No ☒

**RESPONSE: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

B. Have you brought any other lawsuits in federal court while incarcerated?

Yes ☐    No ☒

**RESPONSE: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

# AMENDED PETITION

Tuesday, November 28, 2017

Nurse Ms. Cheryl Hansen, Nurse Practitioner, had to soak my right foot, in a pan of water, so that the bandage would come off of my giant toe, without tearing my skin, on my very painful right foot.

Dr. Tilden recommended that I be seen by Dr. Todd C. Snoeyink, DPM (Podiatrist), in Bloomington, Illinois.

**RESPONSE: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

Wednesday, November 29, 2017

I went to see Dr. Brian Lee Homm, DPM, in Bloomington, Illinois.

**RESPONSE: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

Wednesday, November 29, 2017 Medical Writ

Dr. Homm stated that I have a very bad ulcer infection on my right giant toe. The infection was deep, and reached the bone on my giant toe. Dr. Homm cleaned the infection, and prescribed "Clindomycin," 150 mg COP, two tabs – 3x day. Dr. Homm also ordered a wound dressing change everyday. The pain in my toe and foot, is piercing and stabbing.

**RESPONSE: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

<u>Friday, December 8, 2017</u> Medical Writ

I again went to Bloomington, Illinois, to be seen by Dr. Todd C. Snoeyink, DPM.

**RESPONSE: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

<u>Friday, December 8, 2017</u> Medical Writ

Dr. Snoeyink examined the ulcer on my giant toe, and prescribed a "foam lift" for my right sandel [*sic*] so that my wounded toe would not be bent downward. Also, a dressing change, everyday.

**RESPONSE: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

<u>Saturday, December 9, 2017</u>

No dressing change.

**RESPONSE: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

<u>Friday, December 15, 2017</u>

No dressing change

**RESPONSE: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

Thursday, December 21, 2017

Dressing change – 7 pm.

**RESPONSE: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

Wednesday, December 20, 2017, Medical Writ

Dr. Snoeyink stated, that the infection was still very bad, and that I might have to have the toe amputated. I was instructed to stop taking the "Clindomycin [__]," on December 30, 2017, and return to see him, during the first week of January of 2018, to determin[e], if the toe can be saved or not.

**RESPONSE: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

Monday, December 28, 2017

Plaintiff is worried that I will have a large portion of my right foot amputated, because of deliberate indifference to my very serious medical needs.

**RESPONSE: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

Monday, December 28, 2017

On Wednesday, November 22, 2017, when Dr. Tilden saw the ulcer on my giant toe, he should have sent me out, on an emergency medical writ, because I have a history of having six toe[s] amputated, in 2016.

I did not see a podiatrist, for seven days. The seven day denial and delay, looks as if it will result into me having a part of my right foot amputated.

**RESPONSE: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

Plaintiff humbly prays that the honorable Court will reconsider, and appoint legal counsel, for Plaintiff.

**RESPONSE: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

Plaintiff is now in severe uncontrollable pain, in his right foot.

**RESPONSE: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

Pain medication makes the plaintiff sleepy.

**RESPONSE: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

Plaintiff prays, that the Honorable United States District Court would please acknowledge that the temperatures in the first 10 days of January of 2018 are expected to be very frigid and below zero, and that thermal long pants would be suitable for plaintiff, whom is in mid-seventies.

**RESPONSE: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

[Exhibits, Doc. 15, at pages 12-22]

**RESPONSE: As pages 12-22 of Plaintiff's Amended Complaint (Doc. 15) consist of exhibits, rather than allegations, Defendants make no response thereto. To the extent a response is required, Defendants deny the allegations contained in those exhibits.**

Claim I: The plaintiff in this case is a 75 year old African-American who is subjected to medical neglect and deliberate indifference to his injuries, pain, suffering, and life altering handicaps by Defendant Andrew Tilden, Wexford Health Sources, Inc. medical staff through the policies and profit driven interests. See Sworn Supporting Narrative Exhibit #3.

**RESPONSE: Defendants Grennan and Melvin deny that they have acted with deliberate indifference towards Plaintiff. Defendants admit that Plaintiff is an African-American and state that he is 74 years old. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph.**

The Pontiac Correctional Center's Health Care Administrator between October 2016-August 2017 failed to recognize the Plaintiff's on-going medical conditions. The Plaintiff was not advised of any treatment plan ordered; due to the Plaintiff's age there's no protection under Pontiac Correctional Center's Health Care Unit's Offender Bill of Rights; there's ineffective communication and access from the Defendants regarding the plaintiff's diagnosis, treatment plan, treatment, and expected outcome;

**RESPONSE: Defendants deny the allegations against the Health Care Unit Administrator ("HCUA") at Pontiac Correctional Center, to the extent that those allegations are against Defendant Grennan, who served as HCUA at Pontiac from approximately February 2016 to April 2017. Defendants deny that Plaintiff's rights are not protected, due to his age. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph.**

None of the plaintiff's medical information was inadvisable to be disclosed to him, and none of the Defendants allowed the plaintiff to participate in decisions about the intensity and scope of his treatment to be provided. Moreover, the Defendants never made the plaintiff aware of any opportunity to participate in chronic illness clinics.

**RESPONSE: Defendants deny the allegations contained in this paragraph.**

The Defendant Tilden and Wexford Health Sources Inc. as the plaintiff's Primary Care Providers are personally responsible for the deprivations of emergency medical care that caused

the loss of plaintiff's limbs. The current deprivation of constitutional rights under the Eighth and Fourteenth Amendments and the past harm is caused by the practice and policies established by Defendant Wexford and implemented by Defendant Tilden to cut costs for his employer Wexford Health Sources, Inc.

**RESPONSE: The undersigned does not represent Defendants Tilden and Wexford Health Sources, Inc. Defendants Grennan and Melvin deny that they have deprived Plaintiff of his constitutional rights, and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph.**

Claim II: Defendant Wexford Health Sources, Inc. as vendor employed by the State of Illinois to provide health care services to prisoners confined in the Illinois Department of Corrections is a for profit business which establishes practices, policies, customs to maintain a[n] inflexible policy against emergency medical off-site referrals. The practice by Defendant Wexford of using its Utilization Management to delay emergency referral approval caused the plaintiff to lose two toes by gangrene and amputations. Moreover, Wexford's action is cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments to the Constitution of the United States of America.

**RESPONSE: The undersigned does not represent Defendant Wexford Health Sources, Inc. Defendants admit that Defendant Wexford is under contract with the State of Illinois to provide certain health care services to prisoners within the Illinois Department of Corrections. Defendants Grennan and Melvin deny that their actions constituted cruel and unusual punishment and deny violating any of Plaintiff's constitutional rights whatsoever. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph.**

Claim III: Defendant Michael Melvin is directly involved and responsible being deliberately indifferent to the plaintiff's serious emergency health need between October 2016-August 2017. Defendant Melvin practice of determining that plaintiff's emergency grievances regarding medical without Melvin actually investigating the emergency claim(s) contributed to the delay in the plaintiff receiving emergency medical treatment from Defendant Tilden.

**RESPONSE: Defendants deny the allegations contained in this paragraph.**

Under Illinois law Defendant Melvin is responsible for ensuring that Defendant Mary Ellen Grennan as Health Care Unit Administrator and Defendant Tilden during the relevant time (October 2016-December 2016) for establishing a procedure for the use of treatment protocols by non-physician health care staff such as Nurses and the Health Care Administrator. However, Defendant Melvin was deliberately indifferent to the Plaintiff's medical needs based on the plaintiff being elderly/old.
See Plaintiff's Exhibits #1, #2, and #3.

**RESPONSE: Defendants deny the allegations contained in this paragraph.**

Had not the Defendants Melvin, Tilden, Wexford, and Grennan delayed providing the Plaintiff necessary off-site emergency health care treatment the loss of the Plaintiff's limbs would/could have been prevented. All of the Defendants were directly involved, Defendant Melvin and Grennan were also in both personal and official capacities responsible.

**RESPONSE: Defendants Grennan and Melvin deny delaying the provision of any necessary medical treatment to Plaintiff whatsoever. Defendants further deny that they were directly involved in Plaintiff's treatment, and deny that they are responsible in their personal and/or official capacities. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph.**

Defendant Tilden's delegation of authority to his Physician Assistant Ojelade and Nurse Practitioner Hansen violate sections 15-15 and 15-20 of the Nursing and Advanced Practice Nursing Act.

**RESPONSE: The undersigned does not represent Defendant Tilden. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph.**

[Exhibits, Doc. 15, at 31-69]

**RESPONSE: As pages 31-69 of Plaintiff's Amended Complaint (Doc. 15) consist of exhibits, rather than allegations, Defendants make no response thereto. To the extent a response is required, Defendants deny the allegations contained in those exhibits.**

Dr. Andrew Tilden acted with deliberate indifference to the infection (gangrene) Plaintiff developed in his left feet, which caused Plaintiff to have half of his foot amputated.

**RESPONSE: The undersigned does not represent Dr. Tilden. Defendants admit that Plaintiff's medical records indicate that he suffered from gangrene and underwent a procedure (first-ray amputation) on his left foot. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph.**

I am a 75 year old diabetic. Dr. Tilden has been aware that I am a diabetic for several years because he or someone working under his direct supervisor and in his present has often written the prescriptions for my diabetic medications.

**RESPONSE: The undersigned does not represent Dr. Tilden. Defendants admit that Plaintiff is a diabetic, and state that he is currently 74 years old. Defendants admit that Plaintiff's medical records indicate that he has received treatment for his diabetic condition for several years. Defendants lack knowledge or information sufficient to form a belief about**

the truth of the remaining allegations contained in this paragraph.

On or about January 17, 2016, I mistakenly cut the big toe on my left foot. Over the next several days the bleeding was profuse and would not stop.

**RESPONSE: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

On or about January 23, 2016, I was seen by Dr. Tilden in the prison's Health Care Unit ("HCU") for severe back pain. At that time I took off my shoe and sock and showed Dr. Tilden the condition of my toe. I told Dr. Tilden how I cut it and how it has continued to bleed for several days.

**RESPONSE: The undersigned does not represent Dr. Tilden. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

Dr. Tilden responded by stating the purpose of Plaintiff's HCU visit was his back pain. Dr. Tilden gave Plaintiff a direct order (which under prison rules Plaintiff is required to follow or face disciplinary action) to put his sock and shoe back on. Dr. Tilden refused to hear anything about Plaintiff's toe and denied Plaintiff any medical treatment for his toe at that time.

**RESPONSE: The undersigned does not represent Dr. Tilden. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

On or about January 28, 2016, Plaintiff was seen by Dr. Tilden a second time for his back pain. Again, Plaintiff pulled off his shoe and sock and showed Dr. Tilden the condition of his toe. By this time Plaintiff's toe had turned black and had a notic[e]able smell to it. Again Dr. Tilden told Plaintiff to put back on his sock and shoe and leave the hospital. Dr. Tilden did not give Plaintiff any medical attention to plaintiff's toe.

**RESPONSE: The undersigned does not represent Dr. Tilden. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

In February 2016, Plaintiff was seen by Dr. Tilden a third time for his back pain. Plaintiff showed Dr. Tilden his black, bloody foul smelling toe. Dr. Tilden briefly looked at Plaintiff's toe and said, "It looks like some infection may be setting in." Dr. Tilden gave Plaintiff some Bacitracin USP and some bandages.

**RESPONSE: The undersigned does not represent Dr. Tilden. Defendants admit that Plaintiff's medical records indicate that Plaintiff was seen by Dr. Tilden in February 2016 for a necrotic lesion to his left big toe. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph.**

On March 4, 2016, I was seen by Dr. Tilden in the prison HCU about the condition of my toe. Dr. Tilden had Plaintiff sent to Saint Joseph's Hospital in Bloomington, Illinois. Plaintiff was admitted into the hospital. The medical staff at Saint Joseph wanted to give Plaintiff some emergency medical treatment for the condition of his toe. Dr. Tilden and Mary Grennan, as the plaintiff's primary care providers, refused to authorize the treatment and order[ed] Saint Joseph Hospital to release Plaintiff from their custody and return him to the prison immediately. Plaintiff was released the next day, March 5, 2016, and returned to the prison.

**RESPONSE: The undersigned does not represent Dr. Tilden. Defendants admit that Plaintiff's medical records indicate that he was seen by Dr. Tilden on March 4, 2016, and was sent for evaluation at St. Joseph's Hospital that same day, and that Plaintiff returned to Pontiac Correctional Center on March 5, 2016. Defendants deny that Mary Grennan was Plaintiff's primary care provider and deny that she refused to authorize treatment for Plaintiff or otherwise ordered the release of Plaintiff from St. Joseph's Hospital. Defendants**

**lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph.**

On March 9, 2016, Plaintiff was seen by Dr. Tilden about his big toe. When Dr. Tilden removed the bandage the stench saturated the whole room. Dr. Tilden immediately had Plaintiff sent back to St. Joseph Hospital.

**REPSONSE: The undersigned does not represent Dr. Tilden. Defendants admit that Plaintiff's medical records indicate that he was sent to St. Joseph's Hospital on March 9, 2016. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph.**

On March 10, 2017, at St. Joseph hospital Plaintiff was given a[n] angiograph to increase the blood flow to his foot.

**RESPONSE: Defendants admit that Plaintiff's medical records indicate that he was given an angiograph on March 10, 2016. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph.**

On March 11, 2016, the big toe was amputated. On March 16, 2016, the toe next to the big toe was amputated. On March 28 or 29, the remaining toes were amputated.

**RESPONSE: Defendants admit that Plaintiff's medical records indicate that he underwent a procedure (first-ray amputation) on his left foot in March 2016. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph.**

The amputation of Plaintiff's toes individual and collectively were so painful that he wanted to die. The doctors and nurse at St. Joseph said that if they gave Plaintiff any more pain medication that it would kill him. The amount of pain medication that was given to me was not

enough to relieve my pain and suffering.  Plaintiff was in so much pain he wanted to die.  Plaintiff wanted to die.

**RESPONSE: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

Plaintiff was hospitalized at St. Joseph's for approximately 28 days.  Plaintiff was returned to the Pontiac CC on or about April 8, 2017.

**RESPONSE: Defendants admit that Plaintiff's medical records indicate that he was at St. Joseph Hospital from approximately March 9 to April 6, 2016 – a period of 28 days.**

Dr. Tilden (on behalf of his employer Wexford Health Sources) and Mary Grennan (on behalf of her employer the Illinois Department of Corrections) maintains a policy of not sending inmates to outside Hospitals for serious medical need until their condition become[s] an emergency.

**RESPONSE: The undersigned does not represent Dr. Tilden and Wexford Health Sources.  Defendants deny that allegations against Mary Grennan contained in this paragraph.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph.**

Plaintiff incorporates paragraphs 1 thru 22 as thou[gh] fully set forth herin word for word, sentence by sentence and paragraph by paragraph.

**RESPONSE: Defendants fully incorporate their responses to the foregoing paragraphs.**

Dr. Tilden, as the Medical Director of the PCC and Mary Grennan, as the Health Care Unit Administrator of the PCC, maintains a policy of not sending inmates to outside hospitals for serious medical needs until their condition become[s] an emergency.

**RESPONSE: The undersigned does not represent Dr. Tilden. Defendants deny that allegations against Mary Grennan contained in this paragraph. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph.**

Said policy was the moving force behind Dr. Tilden's refusal to send Plaintiff to an outside hospital until his condition became an emergency.

**RESPONSE: The undersigned does not represent Dr. Tilden. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

Said policy was the moving force behind Dr. Tilden's and Mary Grennan's refusal to authorize the medical staff of St. Joseph's hospital to give Plaintiff the medical treatment that they wanted to give him on March 4, 2016.

**RESPONSE: The undersigned does not represent Dr. Tilden. Defendants deny the allegations against Mary Grennan contained in this paragraph. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph.**

Had Dr. Tilden and/or Mary Grennan authorized the medical staff of St. Joseph's hospital to give plaintiff the medical treatment that they wanted to give him on March 4 and 5, 2016 it may have saved all or some of his toes.

**RESPONSE: The undersigned does not represent Dr. Tilden. Defendant Grennan denies that she had the authority to authorize the medical staff of St. Joseph to provide any medical treatment to Plaintiff. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph.**

[Exhibits, Doc. 15, at 84-108]

**RESPONSE:** As pages 85-108 of Plaintiff's Amended Complaint (Doc. 15) consist of exhibits, rather than allegations, Defendants make no response thereto. To the extent a response is required, Defendants deny the allegations contained in those exhibits.

## RELIEF REQUESTED

**RESPONSE:** Defendants deny that Plaintiff is entitled to any relief whatsoever.

## JURY DEMAND

Defendants demand a trial by jury in this matter.

## AFFIRMATIVE DEFENSES

1. At all times relevant herein, Defendants acted in good faith in the performance of their official duties and without violating Plaintiff's clearly established statutory or constitutional rights of which a reasonable person would have known. Defendants are therefore protected from suit by the doctrine of qualified immunity.

2. Under the Eleventh Amendment, Plaintiff's complaint for monetary damages against Defendants in their official capacity is barred by the doctrine of sovereign immunity.

3. Plaintiff is suing Defendants for injunctive relief that is not intended to address ongoing constitutional violations. The Eleventh Amendment and sovereign immunity, and the Prison Litigation Reform Act (42 U.S.C. § 1997e(a)) bar such claims.

4. Plaintiff has failed to exhaust his administrative remedies prior to the initiation of this cause of action. Plaintiff's claims are barred by the Prison Litigation Reform Act, 42 U.S.C. § 1997.

WHEREFORE, for the above and foregoing reasons, Defendants respectfully request this honorable Court deny Plaintiff any relief in this matter whatsoever, and enter judgment in their favor.

Respectfully submitted,

MARY GRENNAN and MICHAEL MELVIN,

    Defendants,

LISA MADIGAN, Attorney General,
State of Illinois,

    Attorney for Defendants,

By:    s/Mary Kaitlyn Clark-Joseph
        Mary Kaitlyn Clark-Joseph #6323742
        Assistant Attorney General
        500 South Second Street
        Springfield, Illinois 62701
        (217) 782-9014 Phone
        (217) 782-8767 Fax
        E-Mail: mkclarkjoseph@atg.state.il.us

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| BARRY JOHNSON, #B-33367, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | No.: 17-1380-SEM-TSH |
| ) | |
| ANDREW TILDEN, et al., ) | |
| ) | |
| Defendants. ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2018, I caused the foregoing *Answer and Affirmative Defenses* to be electronically filed with the Clerk of Court using the CM/ECF system:

      Karen L. McNaught      kmcnaught@cassiday.com

and I hereby certify that on the same date, I caused a copy of same to be mailed by United States Postal Service, in an envelope fully prepaid and properly addressed, to the following participant:

      Barry Johnson #B-33367
      Pontiac Correctional Center
      Inmate Mail/ Parcels
      PO Box 99
      Pontiac, IL 61764

      Respectfully submitted,

      s/Mary Kaitlyn Clark-Joseph
      Mary Kaitlyn Clark-Joseph #6323742
      Assistant Attorney General
      500 South Second Street
      Springfield, Illinois 62701
      (217) 782-9014 Phone
      (217) 782-8767 Fax
      E-Mail: mkclarkjoseph@atg.state.il.us