043267/19344/JNR/KLM

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| BARRY JOHNSON,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ANDREW TILDEN, MARY GRENNAN, MICHAEL MELVIN, WEXFORD HEALTH SOURCES, INC.,<br><br>　　　　Defendants. | Case Number  17 cv 1380<br><br>Judge Sue Myerscough; Magistrate Judge Tom Schanzle-Haskins |

### RESPONSE TO COURT ORDER OF AUGUST 20, 2019

NOW COME the defendants, ANDREW TILDEN, M.D., DR. STEPHEN RITZ, and WEXFORD HEALTH SOURCES, INC., by and through their counsel, CASSIDAY SCHADE LLP, and pursuant to the Court's Order of August 20, 2019, hereby responds. In support thereof, the following statements are made.

　　1.　　Plaintiff is an insulin dependent diabetic who has a history of amputations of toes on both feet due to the natural progression of his diabetic condition.  *See* Exhibit #1.

　　2.　　Although he was initially assigned to another housing unit when he transferred to Dixon Correctional Center, plaintiff has been in the healthcare unit at Dixon Correctional Center since October 4, 2018.  *See* Exhibit #2.

　　3.　　Plaintiff injured his right great toe in July 2019, which got worse, rather than healing.  *See* Exhibit #1.

　　4.　　On July 29, 2019, plaintiff was sent on a medical furlough to have a surgical amputation of his right great toe at an outside hospital in Dixon, Illinois.  *See* Exhibit #1.

5. Plaintiff was diagnosed with osteomyelitis. *See* Exhibit #1.

6. Plaintiff was discharged from the outside hospital and returned to Dixon Correctional Center on August 2, 2019, after the amputation. *See* Exhibit #1.

7. Upon his return from the outside hospital, plaintiff was sent to the infirmary section of the healthcare unit, because he needed antibiotics dispensed through an intravenous central catheter to treat the osteomyelitis. *See* Exhibit #1.

8. For security reasons due to the antibiotics being dispensed intravenously, plaintiff needed to be placed in the institutional infirmary. *See* Exhibit #1.

9. However, plaintiff demanded to be returned to his housing unit, rather than being placed in the infirmary. *See* Exhibit #3.

10. Because plaintiff refused housing in the infirmary on August 2, 2019, he was issued a disciplinary report on August 3, 2019. *See* Exhibit #3.

11. Plaintiff was served with a copy of the disciplinary report on August 3, 2019. *See* Exhibit #3.

12. Because of the refusal of housing in the infirmary so that plaintiff could continue to receive antibiotics as prescribed by the surgeon at the outside hospital, plaintiff was placed in segregation status, but remained in the infirmary, rather than being taken to a segregation cell at Dixon Correctional Center. *See* Exhibit #2.

13. On August 5, 2019, notice was served on plaintiff that his deposition was scheduled for August 23, 2019, at Dixon Correctional Center. *See* Exhibit #4.

14. Plaintiff was provided with the opportunity to respond to the disciplinary report before the Adjustment Committee. *See* Exhibit #5.

15. Plaintiff had a hearing before the Adjustment Committee on August 13, 2019, and was found guilty of the charge, after he **pleaded guilty** to the charge of refusing placement in the institutional infirmary. See Exhibit #5.

16. According to the adjustment committee summary, plaintiff claimed he was upset because he was housed in healthcare unit for his own medical safety. See Exhibit #5.

17. On August 19, 2019, plaintiff filed a letter in which he claimed he needed help from this Court, because his right toe had been amputated and he feared losing his leg due to a "very bad bone infection." [Doc. 94]

18. Plaintiff also stated he did not know why he was in segregation. [Doc. 94]

19. While in the infirmary, plaintiff has demonstrated he is able to ambulate and communicate effectively with nursing staff. See Exhibit #1.

20. Because plaintiff was being treated for his medical conditions in the infirmary and he was provided with a copy of the disciplinary report and the adjustment committee summary prior to the time he filed his letter [Doc. 94] with this Court, plaintiff knew he was a diabetic with a history of amputations; he knew he had been housed in the healthcare unit for several months prior to the amputation of his right great toe; he knew he was not in segregation as of August 19, 2019; he knew he was placed in segregation **status**[1] in the institutional infirmary as of August 19, 2019; he knew he was guilty of refusing housing;[2] he knew the reason he was placed in segregation status in the infirmary;[3] he knew he needed to be in the infirmary and had an intravenous peripherally

---

[1] During the adjustment committee hearing, plaintiff stated he wanted to be placed "in real segregation." See Exhibit #3.
[2] Plaintiff pleaded guilty to the ticket. See Exhibit #5.
[3] The adjustment committee summary was served on his on August 16, 2019. See Exhibit #5.

inserted central catheter (IV-PICC) line so he could obtain necessary antibiotics for the bone infection; and he knew he was being cared for by qualified medical personnel.

21.   Plaintiff's letter was filed in bad faith and is nothing more than an attempt to needlessly increase the cost of this litigation.

22.   The Medical Director at Dixon Correctional Center believes plaintiff currently is in stable condition.  *See* Exhibit #1.

23.   Plaintiff is scheduled for a follow-up appointment with an outside physician in October 2019.  *See* Exhibit #1.

WHEREFORE, defendants, Dr. Andrew Tilden, Dr. Steven Ritz, and Wexford Health Sources, Inc., respectfully respond to this Court's August 20, 2019, Order.

Respectfully submitted,

DR. ANDREW TILDEN, DR. STEVEN RITZ, and WEXFORD HEALTH SOURCES, INC.,

Defendants,

CASSIDAY SCHADE LLP,

Attorneys for Defendants.

By:  /s/ Karen L. McNaught

Karen L. McNaught
ARDC No. 6200462
CASSIDAY SCHADE LLP
111 North Sixth Street, 2nd Floor
Springfield, IL 62701
(217) 572-1714
(217) 572-1613 (Fax)
kmcnaught@cassiday.com

## CERTIFICATE OF SERVICE

Under penalties as provided by law, I hereby certify on September 3, 2019, I caused to be electronically filed the foregoing Response to Court Order of August 20, 2019, with the Clerk of the Court using the CM/ECF system, which sends a "Notice of E-Filing" to the following:

>Clayton Ankin
>Assistant Attorney General
>500 South Second Street
>Springfield, IL 62701
>cankney@atg.state.il.us

and I caused a true and correct copy of the foregoing Response to Court Order of September 3, 2019, to be served upon the following non-CM-ECF participant:

>Barry Johnson, B33367
>Dixon Correctional Center
>2600 North Brinton Avenue
>Dixon, IL  61021

by having it deposited in the U.S. mail in Springfield, Illinois, with proper postage prepaid, on September 3, 2019.

/s/ Karen L. McNaught

Karen L. McNaught, #6200462
CASSIDAY SCHADE LLP
111 North Sixth Street, 2nd Floor
Springfield, IL 62701
(217) 572-1714
(217) 572-1613 (Fax)
kmcnaught@cassiday.com

9252642 KMCNAUGH;MCOVEY