043267/19344/JNR/KLM

# UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| BARRY JOHNSON,<br><br>　　Plaintiff,<br><br>　vs.<br><br>ANDREW TILDEN, MARY GRENNAN, MICHAEL MELVIN, WEXFORD HEALTH SOURCES, INC.,<br><br>　　Defendants. | No. 17 - 1380<br><br>Judge Sue Myerscough and Magistrate Tom Schanzle-Haskins |

## JOINT MOTION FOR SANCTIONS

NOW COME the defendants, Wexford Health Sources, Inc., Dr. Andrew Tilden, and Stephen Ritz, by and through their counsel, CASSIDAY SCHADE LLP, and Mary Grennan and Michael Melvin, by and through their counsel, KWAME RAOUL, Attorney General of the State of Illinois, and pursuant to Rule 37 of the Federal Rules of Civil Procedure, hereby request sanctions against plaintiff for refusing to be deposed. In support thereof, the following statements are made.

　　1.　　On August 22, 2017, plaintiff filed his original Complaint *pro se* pursuant to 42 U.S.C. § 1983 [Doc. 1].

　　2.　　This Court conducted a merit review and allowed plaintiff to proceed on claims against Wexford Health Sources, Inc., Dr. Andrew Tilden, Mary Grennan, and Michael Melvin [Doc. 7].

　　3.　　Plaintiff was appointed counsel on March 7, 2018 [Text Order of March 7, 2018].

　　4.　　On April 20, 2018, the parties proposed a discovery plan, which was approved by the Court on April 24, 2019 [Text Order of April 20, 2018].

5. On June 8, 2018, plaintiff amended his complaint and added defendant, Dr. Stephen Ritz [Doc. 42].

6. The parties requested amendments of the scheduling order which were approved on August 21, 2018; November 27, 2018; January 4, 2019; April 29, 2019; May 30, 2019; and July 30, 2019.

7. The current deadline for the fact discovery is September 20, 2019; the current deadline for the disclosure of defendants' experts is November 4, 2019; and the current deadline for filing dispositive motions is January 6, 2020.   [Text Order of July 30, 2019].

8. The Court granted the defendants leave to depose plaintiff.  [Doc. 7, ¶8].

9. The parties discussed and agreed plaintiff's deposition would be scheduled on June 6, 2019.

10. Defendants provided notice to plaintiff's counsel on May 1, 2019, to take the deposition of plaintiff [Doc. 72].

11. On June 3, 2019, 2019, plaintiff filed a *pro se* motion accusing his appointed counsel of malpractice [Doc. 76].

12. On the evening of June 5, 2019, after counsel for the Wexford defendants had prepared several hours for plaintiff's deposition, his appointed counsel unilaterally canceled the deposition.  See Exhibit #1.

13. While plaintiff continued to be represented, counsel for the Wexford defendants asked three times for alternative deposition dates, but his counsel proposed or agreed to no alternative dates for his deposition.  See Exhibit #1.

14. On August 5, 2019, plaintiff's deposition was rescheduled to August 23,

2019, and plaintiff was sent notice. [Doc. 93].

15.    On July 8, 2019, plaintiff's appointed counsel filed a motion to withdraw [Doc. 85].

16.    Plaintiff then requested on July 11, 2019, and July 18, 2019, for the appointment of another attorney to represent him in this case [Doc. 86, 89].

17.    The Court held a hearing with plaintiff present by video and allowed plaintiff's appointed counsel to withdraw on July 25, 2019. [Text Order of July 26, 2019].

18.    The Court also ruled on plaintiff's motion for the appointment of counsel and indicated it would attempt to find counsel, but told plaintiff it could be difficult to recruit counsel and plaintiff would be required to proceed *pro se* in the meantime. [Text Order of July 26, 2019].

19.    On July 29, 2019, plaintiff again requested the appointment of counsel. [Doc. 91].

20.    On August 5, 2019, plaintiff's deposition was rescheduled to August 23, 2019, and plaintiff was sent notice. [Doc. 93].

21.    The Court did not rule on plaintiff's July 29, 2019, motion for the appointment of counsel.

22.    Plaintiff filed a motion with this Court on August 19, 2019, claiming he needed help from the Court to get medical attention and claiming he had no idea why he was in segregation [Doc. 94].

23.    Plaintiff demonstrated he had the ability to effectively communicate as of August 19, 2019.

24.    Although plaintiff had the ability to file a motion with the Court on August

19, 2019, and had been ordered to proceed *pro se*, he sent no correspondence to counsel for defendants or made any other effort to contact defense counsel to advise he had no intention of being deposed on August 23, 2019.

25. Defendants were required to respond to plaintiff's motion to the Court about his medical condition and about why he was in segregation. [Docs. 94, 96, 97, Text Order of August 20, 2019].

26. Plaintiff was not excused from his deposition by this Court and was on notice as of July 26, 2019, that he was required to proceed *pro se*.

27. Counsel for the defendants prepared several additional hours for plaintiff's deposition and traveled approximately 6 hours to and from plaintiff's deposition.

28. Plaintiff was in stable condition and appeared for his deposition on August 23, 2019, but then refused to answer questions about his case. *See* Exhibit #2; [Doc. 96-1].

29. Plaintiff has not been completely truthful with this Court about his medical condition and his knowledge of why he was in segregation status and he has needlessly increased the costs of litigation in requiring defendants to respond to his motion.

30. Additionally, in refusing to participate in his deposition, even though this Court ordered him to proceed *pro se* as of July 26, 2019, plaintiff has caused defendants to incur additional expenses, including the expense of obtaining a court reporter and travel costs. *See* Exhibit ##3, 4.

31. Additionally, as a result of plaintiff's refusal to participate in his deposition, the defendants incurred the expense of the attorneys' time to prepare.

32. Plaintiff's conduct at his deposition has thwarted the good faith attempt of

the defendants to conduct discovery as ordered by this Court.

33.     Defendants will be unduly prejudiced without plaintiff's deposition in defending this case.

34.     Given the resources already expended in conducting the deposition on August 23, 2019, defendants respectfully request that this Court order sanctions against plaintiff for his refusal to participate in the deposition.

35.     Defendants seek to have plaintiff barred from presenting evidence in this case pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure for the willful failure to fully participate in his deposition and tell the defendants what his testimony would be. *Moore v. Taylor*, 30 Fed. Appx. 632, 633 (7th Cir. 2002) (citing *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997)(sanctions under this rule are appropriate when a district court finds that a party failed to comply with a discovery order because of "willfulness, bad faith, or fault").

36.     Defendants also seek reimbursement for the costs involved in obtaining a court reporter, travel, and attorneys' fees.

37.     Additionally, if the Court does not bar plaintiff's evidence in this case, he should be required to sit for another deposition and to participate in good faith, after he has tendered all payment for reimbursement of costs and fees.

38.     Denying sanctions will only encourage plaintiff to misbehave in the future litigation he has pending.

39.     Defendants also request the Court stay the deposition deadline, the deadline to disclose a defense expert, and the deadline to file a dispositive motion until this discovery issue is resolved. [Text Order of July 30, 2019]  *See* Fed. R. Civ. P.

37(b)(2)(A)(iv).

WHEREFORE, for the above reasons, defendants respectfully request this Court to enter an order barring plaintiff from presenting evidence in this case. In the alternative, defendants request plaintiff be required to reimburse defendants for costs incurred in attempting to take plaintiff's deposition on August 23, 2019 and attorneys' fees in preparing for the deposition, after which plaintiff sit for another deposition. Defendants also request a stay of plaintiff's deposition deadline, the deadline for disclosure of defendants' experts; and the deadline for dispositive motions until this discovery issue is resolved.

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| MARY GRENNAN and MICHAEL MELVIN, | DR. ANDREW TILDEN, DR. STEPHEN, RITZ, and WEXFORD HEALTH SOURCES INC., |
| Defendants, | Defendants, |
| KWAME RAOUL, Attorney General, State of Illinois, | CASSIDAY SCHADE LLP, |
| By:   /s Clayton Ankney (w consent) | By:   /s   Joseph N. Rupcich |
| Clayton Ankney, #6322428<br>Assistant Attorney General<br>500 S. Second Street<br>Springfield, IL 62701<br>(217) 782-2077<br>(217) 524-5091 (Fax)<br>cankney@atg.state.il.us | Joseph N. Rupcich<br>CASSIDAY SCHADE LLP<br>111 North Sixth Street, 2nd Floor<br>Springfield, IL 62701<br>(217) 572-1714<br>(217) 572-1613 (Fax)<br>jrupcich@cassiday.com |

## CERTIFICATE OF SERVICE

Under penalties as provided by law, I hereby certify on September 18, 2019, I caused to be electronically filed the foregoing Joint Motion for Sanctions with the Clerk of the Court using the CM/ECF System, which sends a "Notice of e-Filing" to the following:

>Clayton Ankney
>Assistant Attorney General
>500 S. Second Street
>Springfield, IL 62701
>cankney@atg.state.il.us

and I caused a true and correct copy of the foregoing Joint Motion for Sanctions to be served upon the following non-CM-ECF participant:

>Barry Johnson, B33367
>Inmate Parcels
>Dixon Correctional Center
>2600 N. Brinton Avenue
>Dixon, IL  61021

by having it deposited in the U.S. Mail in Springfield, Illinois, with proper postage prepaid, on September 18, 2019.

/s/ Joseph N. Rupcich

Joseph N Rupcich
ARDC #6283899
Cassiday Schade, LLP
111 N. Sixth Street, Suite 200
Springfield, IL 62701
(217) 572-1714
(217) 572-1613
jrupcich@cassiday.com

9264737