Page 1

1      UNITED STATES DISTRICT COURT
       CENTRAL DISTRICT OF ILLINOIS
2
3                                        )
   BARRY JOHNSON,                        )
4                                        )
            Plaintiff,                   )
5                                        )  No. 17 cv 1380
   -vs-                                  )
6                                        )  Judge Tom
   ANDREW TILDEN, MARY GRENNAN,          )  Schanzle-Haskins
7  MICHAEL MELVIN, WEXFORD               )
   HEALTH SOURCES, INC.,                 )
8                                        )
            Defendants.                  )
9
10
11         The deposition of BARRY JOHNSON, called
12 for examination, taken pursuant to the Federal Rules
13 of Civil Procedure of the United States District
14 Courts pertaining to the taking of depositions, taken
15 before CAROLYN J. HAWKES, C.S.R. within and for the
16 County of Boone and State of Illinois, at Dixon
17 Correctional Center, 2600 North Brinton Avenue,
18 Dixon, Chicago, Illinois, on the 23rd day of August,
19 2019, at 10:40 a.m.
20
21
22
23
24

Page 2

1  COUNSEL PRESENT:
2  CASSIDAY SCHADE, LLP, by:
   MS. KAREN L. McNAUGHT
3  111 North Sixth Street, 2nd Floor
   Springfield, Illinois 62701
4  217.572.1714
   kmcnaught@cassiday.com,
5
       appearing on behalf of Andrew Tilden, M.D.,
6      and Wexford Health Sources, Inc.;
7  ASSISTANT ATTORNEY GENERAL, by:
   MR. CLAYTON ANKNEY
8  500 South Second Street
   Springfield, Illinois 62701,
9
       appearing on behalf of Mary Grennan and
10     Michael Melvin.

Page 3

1          (WHEREUPON, the witness was
2          first duly sworn.)
3       MS. McNAUGHT: For the record, would you
4  please state and spell your name?
5       THE WITNESS: Okay. Before we start, am I
6  entitled to representation here?
7       MS. McNAUGHT: Go ahead and introduce
8  yourself and spell your name and then we'll go
9  into that. Okay? We just need your name on
10 the record.
11      THE WITNESS: (No response.)
12      MS. McNAUGHT: All right. Well, let me ask
13 is it this way. Is your name Barry Johnson?
14      THE WITNESS: (No response.)
15      MS. McNAUGHT: Mr. Johnson, are you refusing
16 to answer my questions?
17      THE WITNESS: (No response.)
18      MS. McNAUGHT: Let's go off the record and
19 I'll get an officer.
20         (WHEREUPON, discussion was had
21         off the record.)
22         (WHEREUPON, a recess was had.)
23      MS. McNAUGHT: So we're back on the record.
24 Mr. Johnson, we attempted to start the

Page 4

1  deposition and then it's -- would you agree?
2  That's correct?
3       THE WITNESS: Yes, ma'am.
4       MS. McNAUGHT: Okay. And your name is Barry
5  Johnson, is that right?
6       THE WITNESS: Yes, ma'am.
7       MS. McNAUGHT: And is it spelled B-e-r-r-y or
8  B-a-r-r-y?
9       THE WITNESS: It doesn't matter.
10      MS. McNAUGHT: Okay. And your inmate number
11 is B33367?
12      THE WITNESS: Yes, ma'am.
13      MS. McNAUGHT: Okay. And so while we were
14 off the record, you told us that you did not
15 want to be deposed without representation; is
16 that correct?
17      THE WITNESS: Yes, ma'am.
18      MS. McNAUGHT: Okay. And you don't have a
19 lawyer here present today, is that correct?
20      THE WITNESS: That's correct.
21      MS. McNAUGHT: Okay. And so then we sent a
22 correctional officer to see if accommodations
23 could be made to telephone the judge so that
24 you could inquire about whether you needed to

Page 5

1  go forward with the deposition, is that
2  correct?
3       THE WITNESS: That's correct.
4       MS. McNAUGHT: Okay. And so we have
5  Sergeant --
6       SERGEANT WEBER: Sergeant Weber.
7       MS. McNAUGHT: -- Weber. What's your first
8  name?
9       SERGEANT WEBER: Just Sergeant Weber.
10      MS. McNAUGHT: Okay. And you're with the
11 Dixon Correctional Center?
12      SERGEANT WEBER: Correct.
13      MS. McNAUGHT: And can you tell us what you
14 did and who you spoke with and what the outcome
15 was?
16      SERGEANT WEBER: I had talked to Lori Kennay,
17 and she said that there was no accommodations
18 currently to call anybody to --
19      MS. McNAUGHT: Okay.
20      SERGEANT WEBER: -- put the situation,
21 whatever, to talk to the judge.
22      MS. McNAUGHT: There are no accommodations
23 for a telephone call to be made by an inmate
24 outside the facility, is that correct?

2 (Pages 2 - 5)

Page 6

1  SERGEANT WEBER: Correct, for this -- for
2  this here.
3  MS. McNAUGHT: Okay. And so then you came
4  back and reported to us, is that correct?
5  SERGEANT WEBER: Correct.
6  MS. McNAUGHT: Okay. And, Mr. Johnson, is
7  that your understanding of what has happened
8  today?
9  THE WITNESS: Yes, ma'am.
10  MS. McNAUGHT: Okay. Can you just give us
11  the spelling of Lori's first and last name?
12  SERGEANT WEBER: L-o-r-i. I think it's
13  spelled K-e-n-n-a-y.
14  MS. McNAUGHT: Okay. All right. Thank you.
15  SERGEANT WEBER: All right.
16  MS. McNAUGHT: Anything that you want to put
17  on the record?
18  MR. ANKNEY: This may not have been talked
19  about, but just to be clear, you are saying
20  that you are not going forward with the
21  deposition today; correct?
22  THE WITNESS: I'm saying I'd like legal
23  representation.
24  MR. ANKNEY: And you won't do the deposition

Page 7

1  without representation, is that correct?
2  THE WITNESS: I won't do the deposition
3  without representation so I know that my rights
4  are not violated.
5  MR. ANKNEY: All right. That's all.
6  MS. McNAUGHT: And, Mr. Johnson, you did get
7  notice of the deposition today; is that right?
8  THE WITNESS: Yes, ma'am.
9  MS. McNAUGHT: Okay. And at one point you
10  had a lawyer, is that correct?
11  THE WITNESS: That's correct.
12  MS. McNAUGHT: And they withdrew?
13  THE WITNESS: Yes, ma'am.
14  MS. McNAUGHT: Is that right?
15  THE WITNESS: Yes, ma'am.
16  MS. McNAUGHT: And you haven't hired a
17  lawyer, have you?
18  THE WITNESS: No, I haven't.
19  MS. McNAUGHT: Okay. And you haven't written
20  to any lawyers asking them to represent you,
21  have you?
22  THE WITNESS: No, ma'am.
23  MS. McNAUGHT: And you haven't had any
24  lawyers contact you and say that they would

Page 8

1  like to represent you, is that correct? In
2  this civil lawsuit.
3  THE WITNESS: I don't think I better say a
4  lot.
5  MS. McNAUGHT: Well, if you have contacted
6  someone, Mr. Ankney and I have an obligation to
7  let them know that we were here and we spoke
8  with you. Okay? So we just want to make sure
9  that ethically, we do the right thing. So
10  that's why I'm asking. Have you contacted
11  anyone?
12  THE WITNESS: I've been in the hospital. I
13  had surgery.
14  MS. McNAUGHT: Okay. So no one has contacted
15  you and you haven't contacted anyone about
16  representation in this case; would that be
17  fair?
18  THE WITNESS: No.
19  MS. McNAUGHT: That's not fair?
20  THE WITNESS: Yeah, it's fair.
21  MS. McNAUGHT: Okay. All right. So anything
22  else that you can think of?
23  MR. ANKNEY: No.
24  MS. McNAUGHT: So the only other thing is

Page 9

1  Carolyn is going to type this up and she's
2  going to give it to me and I'm probably going
3  to file it with the court.
4      You have the opportunity to read what
5  she has typed at a later date to see if what
6  she wrote is fair, or if you trust her to do
7  her job, then you can reserve your -- or, I'm
8  sorry, you can waive your signature and you can
9  say I don't want to do it, but you need to tell
10  her now whether you want to read for any
11  mistakes that she made or whether you want to
12  waive your signature.
13  THE WITNESS: I'd like to read.
14  MS. McNAUGHT: Okay. Fair enough. He'll
15  reserve signature then. All right. We can go
16  off the record.
17      (WHEREUPON, said deposition was
18      adjourned sine die.)

Page 10

STATE OF ILLINOIS    )
                     ) SS:
COUNTY OF B O O N E  )

I, Carolyn J. Hawkes, Certified Shorthand Reporter within and for the County of Boone and State of Illinois, do hereby certify that, to-wit, on the 23rd day of August, 2019, personally appeared before me at Dixon Correctional Center, 2600 North Brinton Avenue, Dixon, Rockford, Illinois, BARRY JOHNSON, witness produced on behalf of the defendant in a certain cause now pending and undetermined in the United States District Court, Central District of Illinois.

I further certify that the said BARRY JOHNSON was by me first duly sworn to testify the truth, the whole truth, and nothing but the truth in the cause aforesaid; that the testimony then given by said witness was reported stenographically by me, in the presence of the said witness, and afterwards reduced to typewriting; and the foregoing is a true and correct transcript of the testimony so given by said witness as aforesaid.

I further certify that signature to the deposition was reserved by agreement of counsel for the respective parties.

Page 11

I further certify that MS. KAREN McNAUGHT and MR. CLAYTON ANKNEY appeared on behalf of the defendants.

I further certify that I am not counsel for nor in any way related to any of the parties to this cause, nor am I in any way interested in the outcome thereof.

In testimony whereof I have hereunto set my hand this 4th day of September, 2019, A. D.

/s/ Carolyn J. Hawkes

Carolyn J. Hawkes
Certified Shorthand Reporter
Cook County, Illinois
CSR No. 084-003296.

Page 12

Veritext Legal Solutions
1100 Superior Ave
Suite 1820
Cleveland, Ohio 44114
Phone: 216-523-1313

September 9, 2019
Barry Johnson B333367   2600 N. Brinton Ave
Dixon, IL 61021

Case Name: Johnson, Barry v. Tilden, Andrew

Veritext Reference Number: 3482935

Deposition Date: 8/23/2019

Dear Sir/Madam:

Enclosed you will find a transcript of your deposition.

As the reading and signing have not been expressly waived, please review the transcript and note any changes or corrections on the errata sheet included, indicating the page, line number, change and reason for the change. Sign at the bottom of the sheet in the presence of a notary and forward the errata sheet back to us at the address shown above or email to production-midwest@veritext.com.

If the errata is not returned within thirty days of your receipt of this letter, the reading and signing will be deemed waived.

Sincerely,

Production Department

NO NOTARY REQUIRED IN CA

Page 13

DEPOSITION REVIEW
CERTIFICATION OF WITNESS

ASSIGNMENT REFERENCE NO: 3482935
CASE NAME: Johnson, Barry v. Tilden, Andrew
DATE OF DEPOSITION: 8/23/2019
WITNESS' NAME: Barry Johnson , B33367

In accordance with the Rules of Civil Procedure, I have read the entire transcript of my testimony or it has been read to me.

I have made no changes to the testimony as transcribed by the court reporter.

_____   _____
Date              Barry Johnson , B33367

Sworn to and subscribed before me, a Notary Public in and for the State and County, the referenced witness did personally appear and acknowledge that:

They have read the transcript;
They signed the foregoing Sworn Statement; and
Their execution of this Statement is of their free act and deed.

I have affixed my name and official seal

this _____ day of _____, 20____.

_____
Notary Public

_____
Commission Expiration Date

Page 14

```
 1      DEPOSITION REVIEW
        CERTIFICATION OF WITNESS
 2
        ASSIGNMENT REFERENCE NO: 3482935
 3      CASE NAME: Johnson, Barry v. Tilden, Andrew
        DATE OF DEPOSITION: 8/23/2019
 4      WITNESS' NAME: Barry Johnson , B33367
 5      In accordance with the Rules of Civil
   Procedure, I have read the entire transcript of
 6 my testimony or it has been read to me.
 7      I have listed my changes on the attached
   Errata Sheet, listing page and line numbers as
 8 well as the reason(s) for the change(s).
 9      I request that these changes be entered
   as part of the record of my testimony.
10
        I have executed the Errata Sheet, as well
11 as this Certificate, and request and authorize
   that both be appended to the transcript of my
12 testimony and be incorporated therein.
13 _____    _____
    Date            Barry Johnson , B33367
14
        Sworn to and subscribed before me, a
15 Notary Public in and for the State and County,
   the referenced witness did personally appear
16 and acknowledge that:
17      They have read the transcript;
        They have listed all of their corrections
18      in the appended Errata Sheet;
        They signed the foregoing Sworn
19      Statement; and
        Their execution of this Statement is of
20      their free act and deed.
21      I have affixed my name and official seal
22 this _____ day of_____, 20____.
23      _____
        Notary Public
24
        _____
25      Commission Expiration Date
```

Page 15

```
 1          ERRATA SHEET
        VERITEXT LEGAL SOLUTIONS MIDWEST
 2          ASSIGNMENT NO: 3482935
 3 PAGE/LINE(S) /   CHANGE   /REASON
 4 _____
 5 _____
 6 _____
 7 _____
 8 _____
 9 _____
10 _____
11 _____
12 _____
13 _____
14 _____
15 _____
16 _____
17 _____
18 _____
19
   _____    _____
20 Date           Barry Johnson , B33367
21 SUBSCRIBED AND SWORN TO BEFORE ME THIS _____
22 DAY OF_____, 20_____.
23      _____
        Notary Public
24
        _____
25      Commission Expiration Date
```

**[084-003296 - currently]**                                                                 Page 1

| **0** | **9** | authorize 14:11 | certificate 14:11 |
|---|---|---|---|
| 084-003296 11:15 | 9 12:4 | ave 12:1,5 | certification 13:1 14:1 |
| **1** | **a** | avenue 1:17 10:8 | certified 10:3 11:14 |
| 10:40 1:19 | a.m. 1:19 | **b** | certify 10:5,13,22 11:1,4 |
| 1100 12:1 | accommodations 4:22 5:17,22 | b 4:7,8 10:2 | change 12:14,15 14:8 15:3 |
| 111 2:3 | acknowledge 13:11 14:16 | b333367 12:5 | changes 12:13 13:7 14:7,9 |
| 13423 11:13 | act 13:14 14:20 | b33367 4:11 13:4 13:9 14:4,13 15:20 | chicago 1:18 |
| 1380 1:5 | address 12:17 | back 3:23 6:4 12:17 | civil 1:13 8:2 13:5 14:5 |
| 17 1:5 | adjourned 9:18 | barry 1:3,11 3:13 4:4 10:9,13 12:5,6 13:3,4,9 14:3,4,13 15:20 | clayton 2:7 11:2 |
| 1820 12:2 | affixed 13:15 14:21 | behalf 2:5,9 10:9 11:2 | clear 6:19 |
| **2** | aforesaid 10:16,21 | better 8:3 | cleveland 12:2 |
| 20 13:16 14:22 15:22 | agree 4:1 | boone 1:16 10:4 | commission 13:19 14:25 15:25 |
| 2019 1:19 10:6 11:9 12:4 | agreement 10:23 | bottom 12:15 | contact 7:24 |
| 216-523-1313 12:3 | ahead 3:7 | brinton 1:17 10:8 12:5 | contacted 8:5,10 8:14,15 |
| 217.572.1714 2:4 | andrew 1:6 2:5 12:6 13:3 14:3 | **c** | cook 11:14 |
| 23rd 1:18 10:6 | ankney 2:7 6:18 6:24 7:5 8:6,23 11:2 | c.s.r. 1:15 | correct 4:2,16,19 4:20 5:2,3,12,24 6:1,4,5,21 7:1,10 7:11 8:1 10:20 |
| 2600 1:17 10:8 12:5 | answer 3:16 | ca 12:24 | correctional 1:17 4:22 5:11 10:7 |
| 2nd 2:3 | anybody 5:18 | call 5:18,23 | corrections 12:13 14:17 |
| **3** | appear 13:11 14:15 | called 1:11 | counsel 2:1 10:23 11:4 |
| 3482935 12:7 13:2 14:2 15:2 | appeared 10:7 11:2 | carolyn 1:15 9:1 10:3 11:13 | county 1:16 10:2,4 11:14 13:10 14:15 |
| **4** | appearing 2:5,9 | case 8:16 12:6 13:3 14:3 | court 1:1 9:3 10:11 13:7 |
| 44114 12:2 | appended 14:11 14:18 | cassiday 2:2 | courts 1:14 |
| 4th 11:9 | asking 7:20 8:10 | cassiday.com 2:4 | csr 11:15 |
| **5** | assignment 13:2 14:2 15:2 | cause 10:10,16 11:6 | currently 5:18 |
| 500 2:8 | assistant 2:7 | center 1:17 5:11 10:7 | |
| **6** | attached 14:7 | central 1:1 10:12 | |
| 61021 12:5 | attempted 3:24 | certain 10:10 | |
| 62701 2:3,8 | attorney 2:7 | | |
| **8** | august 1:18 10:6 | | |
| 8/23/2019 12:8 13:3 14:3 | | | |

[cv - name]                                                                 Page 2

**cv**  1:5

**d**

**d**  11:9
**date**  9:5 12:8 13:3
  13:9,19 14:3,13,25
  15:20,25
**day**  1:18 10:6 11:9
  13:16 14:22 15:22
**days**  12:19
**dear**  12:9
**deed**  13:14 14:20
**deemed**  12:20
**defendant**  10:10
**defendants**  1:8
  11:3
**department**  12:22
**deposed**  4:15
**deposition**  1:11
  4:1 5:1 6:21,24
  7:2,7 9:17 10:23
  12:8,10 13:1,3
  14:1,3
**depositions**  1:14
**die**  9:18
**discussion**  3:20
**district**  1:1,1,13
  10:11,12
**dixon**  1:16,18 5:11
  10:7,8 12:5
**duly**  3:2 10:14

**e**

**e**  4:7 6:13 10:2
**email**  12:17
**enclosed**  12:10
**entered**  14:9
**entire**  13:5 14:5
**entitled**  3:6
**errata**  12:13,16,19
  14:7,10,18 15:1

**ethically**  8:9
**examination**  1:12
**executed**  14:10
**execution**  13:14
  14:19
**expiration**  13:19
  14:25 15:25
**expressly**  12:11

**f**

**facility**  5:24
**fair**  8:17,19,20 9:6
  9:14
**federal**  1:12
**file**  9:3
**find**  12:10
**first**  3:2 5:7 6:11
  10:14
**floor**  2:3
**foregoing**  10:19
  13:13 14:18
**forward**  5:1 6:20
  12:16
**free**  13:14 14:20
**further**  10:13,22
  11:1,4

**g**

**general**  2:7
**give**  6:10 9:2
**given**  10:16,20
**go**  3:7,8,18 5:1
  9:15
**going**  6:20 9:1,2,2
**grennan**  1:6 2:9

**h**

**hand**  11:9
**happened**  6:7
**haskins**  1:6
**hawkes**  1:15 10:3
  11:13

**he'll**  9:14
**health**  1:7 2:6
**hereunto**  11:8
**hired**  7:16
**hospital**  8:12

**i**

**il**  12:5
**illinois**  1:1,16,18
  2:3,8 10:1,5,8,12
  11:14
**included**  12:14
**incorporated**
  14:12
**indicating**  12:14
**inmate**  4:10 5:23
**inquire**  4:24
**interested**  11:6
**introduce**  3:7

**j**

**j**  1:15 10:3 11:13
**job**  9:7
**johnson**  1:3,11
  3:13,15,24 4:5 6:6
  7:6 10:9,14 12:5,6
  13:3,4,9 14:3,4,13
  15:20
**judge**  1:6 4:23
  5:21

**k**

**k**  6:13
**karen**  2:2 11:1
**kennay**  5:16
**kmcnaught**  2:4
**know**  7:3 8:7

**l**

**l**  2:2 6:12
**lawsuit**  8:2
**lawyer**  4:19 7:10
  7:17

**lawyers**  7:20,24
**legal**  6:22 12:1
  15:1
**letter**  12:20
**line**  12:14 14:7
  15:3
**listed**  14:7,17
**listing**  14:7
**llp**  2:2
**lori**  5:16
**lori's**  6:11
**lot**  8:4

**m**

**m.d.**  2:5
**ma'am**  4:3,6,12,17
  6:9 7:8,13,15,22
**madam**  12:9
**mary**  1:6 2:9
**matter**  4:9
**mcnaught**  2:2 3:3
  3:7,12,15,18,23
  4:4,7,10,13,18,21
  5:4,7,10,13,19,22
  6:3,6,10,14,16 7:6
  7:9,12,14,16,19,23
  8:5,14,19,21,24
  9:14 11:2
**melvin**  1:7 2:10
**michael**  1:7 2:10
**midwest**  12:18
  15:1
**mistakes**  9:11

**n**

**n**  6:13,13 10:2
  12:5
**name**  3:4,8,9,13
  4:4 5:8 6:11 12:6
  13:3,4,15 14:3,4
  14:21

[need - sworn]                                                                 Page 3

| | | | |
|---|---|---|---|
| need 3:9 9:9 | point 7:9 | represent 7:20 8:1 | shown 12:17 |
| needed 4:24 | presence 10:18 | representation 3:6 | sign 12:15 |
| north 1:17 2:3 | 12:16 | 4:15 6:23 7:1,3 | signature 9:8,12 |
| 10:8 | present 2:1 4:19 | 8:16 | 9:15 10:22 11:13 |
| notary 12:16,24 | probably 9:2 | request 14:9,11 | signed 13:13 14:18 |
| 13:10,18 14:15,23 | procedure 1:13 | required 12:24 | signing 12:11,20 |
| 15:23 | 13:5 14:5 | reserve 9:7,15 | sincerely 12:21 |
| note 12:12 | produced 10:9 | reserved 10:23 | sine 9:18 |
| notice 7:7 | production 12:18 | respective 10:24 | sir 12:9 |
| number 4:10 12:7 | 12:22 | response 3:11,14 | situation 5:20 |
| 12:14 | public 13:10,18 | 3:17 | sixth 2:3 |
| numbers 14:7 | 14:15,23 15:23 | returned 12:19 | solutions 12:1 |
| **o** | pursuant 1:12 | review 12:12 13:1 | 15:1 |
| o 6:12 10:2,2 | put 5:20 6:16 | 14:1 | sorry 9:8 |
| obligation 8:6 | **q** | right 3:12 4:5 6:14 | sources 1:7 2:6 |
| officer 3:19 4:22 | questions 3:16 | 6:15 7:5,7,14 8:9 | south 2:8 |
| official 13:15 | **r** | 8:21 9:15 | spell 3:4,8 |
| 14:21 | r 4:7,7,8,8 6:12 | rights 7:3 | spelled 4:7 6:13 |
| ohio 12:2 | read 9:4,10,13 | rockford 10:8 | spelling 6:11 |
| okay 3:5,9 4:4,10 | 13:5,6,12 14:5,6 | rules 1:12 13:5 | spoke 5:14 8:7 |
| 4:13,18,21 5:4,10 | 14:17 | 14:5 | springfield 2:3,8 |
| 5:19 6:3,6,10,14 | reading 12:11,20 | **s** | ss 10:1 |
| 7:9,19 8:8,14,21 | reason 12:15 14:8 | s 14:8,8 15:3 | start 3:5,24 |
| 9:14 | 15:3 | saying 6:19,22 | state 1:16 3:4 10:1 |
| opportunity 9:4 | receipt 12:19 | schade 2:2 | 10:5 13:10 14:15 |
| outcome 5:14 11:7 | recess 3:22 | schanzle 1:6 | statement 13:13 |
| outside 5:24 | record 3:3,10,18 | seal 13:15 14:21 | 13:14 14:19,19 |
| **p** | 3:21,23 4:14 6:17 | second 2:8 | states 1:1,13 10:11 |
| page 12:14 14:7 | 9:16 14:9 | see 4:22 9:5 | stenographically |
| 15:3 | reduced 10:19 | sent 4:21 | 10:17 |
| part 14:9 | reference 12:7 | september 11:9 | street 2:3,8 |
| parties 10:24 11:5 | 13:2 14:2 | 12:4 | subscribed 13:10 |
| pending 10:10 | referenced 13:11 | sergeant 5:5,6,6,9 | 14:14 15:21 |
| personally 10:6 | 14:15 | 5:9,12,16,20 6:1,5 | suite 12:2 |
| 13:11 14:15 | refusing 3:15 | 6:12,15 | superior 12:1 |
| pertaining 1:14 | related 11:5 | set 11:9 | sure 8:8 |
| phone 12:3 | reported 6:4 10:17 | sheet 12:13,15,16 | surgery 8:13 |
| plaintiff 1:4 | reporter 10:4 | 14:7,10,18 15:1 | sworn 3:2 10:14 |
| please 3:4 12:12 | 11:14 13:7 | shorthand 10:4 | 13:10,13 14:14,18 |
| | | 11:14 | 15:21 |

[taken - yeah]                                                                    Page 4

| t | v |
|---|---|
| taken 1:12,14 | v 12:6 13:3 14:3 |
| talk 5:21 | veritext 12:1,7 |
| talked 5:16 6:18 | 15:1 |
| telephone 4:23 | veritext.com. |
| 5:23 | 12:18 |
| tell 5:13 9:9 | violated 7:4 |
| testify 10:14 | vs 1:5 |
| testimony 10:16 | **w** |
| 10:20 11:8 13:6,7 | waive 9:8,12 |
| 14:6,9,12 | waived 12:12,20 |
| thank 6:14 | want 4:15 6:16 8:8 |
| thereof 11:7 | 9:9,10,11 |
| thing 8:9,24 | way 3:13 11:5,6 |
| think 6:12 8:3,22 | weber 5:6,6,7,9,9 |
| thirty 12:19 | 5:12,16,20 6:1,5 |
| tilden 1:6 2:5 12:6 | 6:12,15 |
| 13:3 14:3 | wexford 1:7 2:6 |
| today 4:19 6:8,21 | whereof 11:8 |
| 7:7 | wit 10:6 |
| told 4:14 | withdrew 7:12 |
| tom 1:6 | witness 3:1,5,11 |
| transcribed 13:7 | 3:14,17 4:3,6,9,12 |
| transcript 10:20 | 4:17,20 5:3 6:9,22 |
| 12:10,12 13:5,12 | 7:2,8,11,13,15,18 |
| 14:5,11,17 | 7:22 8:3,12,18,20 |
| true 10:19 | 9:13 10:9,17,18,21 |
| trust 9:6 | 13:1,4,11 14:1,4 |
| truth 10:15,15,15 | 14:15 |
| type 9:1 | written 7:19 |
| typed 9:5 | wrote 9:6 |
| typewriting 10:19 | **y** |
| **u** | y 4:7,8 6:13 |
| understanding 6:7 | yeah 8:20 |
| undetermined | |
| 10:11 | |
| united 1:1,13 | |
| 10:11 | |

Federal Rules of Civil Procedure

Rule 30

(e) Review By the Witness; Changes.

(1) Review; Statement of Changes. On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:

(A) to review the transcript or recording; and

(B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

(2) Changes Indicated in the Officer's Certificate. The officer must note in the certificate prescribed by Rule 30(f)(1) whether a review was requested and, if so, must attach any changes the deponent makes during the 30-day period.

DISCLAIMER: THE FOREGOING FEDERAL PROCEDURE RULES ARE PROVIDED FOR INFORMATIONAL PURPOSES ONLY. THE ABOVE RULES ARE CURRENT AS OF APRIL 1, 2019. PLEASE REFER TO THE APPLICABLE FEDERAL RULES OF CIVIL PROCEDURE FOR UP-TO-DATE INFORMATION.

VERITEXT LEGAL SOLUTIONS
COMPANY CERTIFICATE AND DISCLOSURE STATEMENT

Veritext Legal Solutions represents that the foregoing transcript is a true, correct and complete transcript of the colloquies, questions and answers as submitted by the court reporter. Veritext Legal Solutions further represents that the attached exhibits, if any, are true, correct and complete documents as submitted by the court reporter and/or attorneys in relation to this deposition and that the documents were processed in accordance with our litigation support and production standards.

Veritext Legal Solutions is committed to maintaining the confidentiality of client and witness information, in accordance with the regulations promulgated under the Health Insurance Portability and Accountability Act (HIPAA), as amended with respect to protected health information and the Gramm-Leach-Bliley Act, as amended, with respect to Personally Identifiable Information (PII). Physical transcripts and exhibits are managed under strict facility and personnel access controls. Electronic files of documents are stored in encrypted form and are transmitted in an encrypted fashion to authenticated parties who are permitted to access the material. Our data is hosted in a Tier 4 SSAE 16 certified facility.

Veritext Legal Solutions complies with all federal and State regulations with respect to the provision of court reporting services, and maintains its neutrality and independence regardless of relationship or the financial outcome of any litigation. Veritext requires adherence to the foregoing professional and ethical standards from all of its subcontractors in their independent contractor agreements.

Inquiries about Veritext Legal Solutions' confidentiality and security policies and practices should be directed to Veritext's Client Services Associates indicated on the cover of this document or at www.veritext.com.